IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ramona LaRue, Inc., | |
| Plaintiff, | Civil Action No. 1:22-cv-06177 |
| v. | Honorable Jorge L. Alonso |
| The Entities and Individuals Identified in Annex A, | |
| Defendants. | |

**ANSWER TO COMPLAINT**

COMES NOW, Legendary Dynasty, LLC aka mydynastyonline (hereinafter "Defendant") answers the Complaint filed by Ramona LaRue, Inc. (hereinafter "Plaintiff") alleging copyright infringement in conjunction with unauthorized sales of infringing products. Defendant answers as follows:

**NATURE OF THE ACTION**

1.  Defendant admits the allegations of the nature of the action in Paragraph 1 of the Complaint.

2.  Defendant denies Paragraph 2 of the Complaint. Defendant does not currently trade on Ramona LaRue's goodwill neither sells nor offers to sell unauthorized infringing products using Ramona LaRue's copyrighted imagery through its online retail website.

**JURISDICTION AND VENUE**

3.  Defendant admits the allegations contained in Paragraph 3 of the Complaint.

      4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint. Defendant does not specifically target residents in the Northern District of Illinois. Defendant's products are available for sale throughout the United States with no specificity to the Northern Illinois area. Defendant does not currently display infringing imagery nor use Plaintiff's registered copyrights in its product listings. Thus, Defendant is not committing copyright infringement in this District.

      5.      Defendant denies the allegations in part contained in Paragraph 5 of the Complaint. One act was committed within this District due to the induced entrapment by the Plaintiff and Plaintiff's Counsel. Defendant is a dropshipping company that is able to work with various businesses to promote sales of their products throughout the United States. Defendant's website is hosted through Shopify which seamlessly connects its client's sites to apps (such as Alibaba) that allow them to dropship items directly to customers without the client ever needing to hold inventory. Defendant connected to the Alibaba app via Shopify and was able to load products that businesses on Alibaba had for sale to its site.

      The two (2) named items in question were loaded directly from Guangzhao Mai Bao Network Technology Co., Ltd. (hereinafter "Guangzhao") who is another named Defendant in this matter. See Complaint, Pg. 43. Defendant had no knowledge that the listed products did not belong to Guangzhao and had no reason to believe otherwise. Defendant had no sales on either product until September 9, 2022. On said date, Defendant received one (1) order of its personally named Sleek Stallion Beach Cover Up by a customer named "Martha Doyle". The customer paid $22.94 and left an address of Martha Doyle, PO Box 5463, Chicago, IL 60680 and email address of marthadoyle1954@gmail.com.

According to Defendant's web site conversion history, "Ms. Doyle" visited the site on September 8, 2022, at 3:16 pm and came directly to the listed Sleek Stallion Beach Cover Up. "Ms. Doyle" never visited the landing page and knew exactly where to find the product. See Exhibit 1. On September 9, 2022, at 2:57 pm Ms. Doyle returned to the site, again going directly to the Cover Up, and purchased it within 3 minutes. See Exhibits 2 and 3. A confirmation email from Defendant was automatically sent to "Ms. Doyle". After several conversations with Vicky Wu of Guangzhao, Defendant was told Guangzhao could not send the product to a PO Box. Defendant sent an email to "Ms. Doyle" on September 26, 2022, explaining the situation and requesting a full address where the product could be sent.

On October 5, 2022, "Ms. Doyle" responded and asked that the product be sent to Martha Doyle, 233 S Wacker Drive, 6300, Chicago, IL 60606. See Exhibit 4. The package was delivered and signed for on October 24, 2022. See Exhibit 5. On or about November 7, 2022, this case was filed on behalf of the Plaintiff. On January 5, 2023, Defendant received an email from Shopify's legal counsel indicating the two (2) named products in this matter may "present a risk they are unable to support" and the products were immediately taken down. As of January 5, 2023, this was the first notice Defendant received regarding a potential intellectual property issue which was immediately resolved. See Exhibit 6. No Complaint nor communication from Plaintiff nor Plaintiff's Counsel existed prior to said date.

On February 2, 2023, Defendant received an email from Plaintiff's Counsel advising Defendant of the filing of the Complaint in this matter. It was at this time that Defendant researched the law firm representing the Plaintiff and saw the address of the law firm (233 S Wacker Drive, 6300, Chicago, IL 60606) was the same address where the parcel was delivered to "Ms. Martha Doyle". Prior to Plaintiff and Plaintiff's Counsel's scheme to solicit Defendant to

engage in infringement activity, Plaintiff had no sales of the products in question. The $22.94 paid to Defendant's website on behalf of Plaintiff and Plaintiff's Counsel for the alleged infringed property would not exist if Plaintiff and their Counsel attempted to mitigate damages rather than cause them. Plaintiff's Counsel was in communication with Defendant via "Ms. Martha Doyle" on October 5, 2022. No cease or desist was requested; nor identification of alleged infringing property; nor mention of pending litigation. Plaintiff and Plaintiff's Counsel were aware as far back as September, 2022, (two months prior to filing this suit) and sought to increase potential damages. Lastly, Defendant denies being a foreign entity outside of the United States as alleged in Paragraph 5 of the Complaint.

## PARTIES

6. Defendant lacks sufficient information to form a belief as to the facts alleged.

7. Defendant lacks sufficient information to form a belief as to the facts alleged.

8. Defendant lacks sufficient information to form a belief as to the facts alleged.

9. Defendant lacks sufficient information to form a belief as to the facts alleged.

10. Defendant lacks sufficient information to form a belief as to the facts alleged.

11. Defendant lacks sufficient information to form a belief as to the facts alleged.

12. Defendant lacks sufficient information to form a belief as to the facts alleged.

13. Defendant lacks sufficient information to form a belief as to the facts alleged.

14. Defendant lacks sufficient information to form a belief as to the facts alleged.

15. Defendant lacks sufficient information to form a belief as to the facts alleged.

16. Defendant lacks sufficient information to form a belief as to the facts alleged.

17. Defendant lacks sufficient information to form a belief as to the facts alleged.

18. Defendant lacks sufficient information to form a belief as to the facts alleged.

**THE DEFENDANTS**

23. [1]Defendant denies the allegations in Paragraph 23 of the Complaint. Defendant does not currently sell or offer for sale any products alleged by the Plaintiff.

24. Defendant denies the allegations in Paragraph 24 of the Complaint. Defendant is not related and does not work together with any of the Defendants as a single enterprise to willfully make, distribute, offer for sale nor sell counterfeit products of the Plaintiff.

25. Defendant lacks sufficient information to form a belief as to the facts alleged.

**DEFENDANT'S UNLAWFUL CONDUCT**

26. Defendant denies the allegations in Paragraph 26 of the Complaint. Defendant has not intentionally deceived or misled any consumers. The only deception came from the plot and scheme of Plaintiff and Plaintiff's Counsel to attempt to create damages. The content on Defendant's site does not mislead consumers. Dropshipping is a well-known practice with businesses throughout the Country helping other businesses thrive.

27. Defendant denies the allegations in Paragraph 27 of the Complaint. Defendant had no intention to mislead any consumer and as the only "consumer" was Plaintiff's Counsel, no one was misled. Prior to this date, Defendant never heard of Plaintiff nor Plaintiff's business or creations.

28. Defendant denies the allegations in Paragraph 28 of the Complaint. Defendant does not operate under multiple names or websites to evade detection by intellectual property

---

[1] Please note the Plaintiff's Complaint jumps from Paragraph 18 to Paragraph 23. Defendant is also skipping the omitted paragraphs to maintain uniformity.

owners. Defendant has not been concealed. In fact, Plaintiff's Counsel easily communicated with Defendant via email under a fictitious name in order to bring about the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint. Defendant has one online marketplace storefront and has worked hard to maintain it as a small business.

30. Defendant denies the allegations in Paragraph 30 of the Complaint. Defendant is not located abroad and has no off-shore accounts.

## COUNT I FEDERAL COPYRIGHT INFRINGEMENT
## 17 U.S.C. SEC. 106 AND 501

32. [2]Defendant neither admits nor denies the allegations in Paragraph 32 of the Complaint.

33. Defendant lacks sufficient information to form a belief as to the facts alleged.

34. Defendant neither admits nor denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint. Defendant is not currently selling or offering for sale any alleged material of the Plaintiff. Any actions incidental to the Plaintiff's Counsel's scheme to lure damages from Defendant in this matter were not deliberate nor willful actions to commit copyright infringement.

36. Defendant denies the allegations in Paragraph 36. Defendant was not aware of the Plaintiff nor the Plaintiff's creations and did not willfully, wantonly, nor blatantly cause the product purchased by the Plaintiff's Counsel to be sold.

37. Defendant lacks sufficient information to form a belief as to the facts alleged.

---

[2] Please note the Plaintiff's Complaint jumps from Paragraph 30 to Paragraph 32. Defendant is also skipping the omitted paragraph to maintain uniformity.

38. Defendant denies the allegations in Paragraph 38 of the Complaint. Were it not for Plaintiff's Counsel's purchase of Plaintiff's alleged infringed product, there would be no harm nor damages to assess.

39. Defendant denies the allegations in Paragraph 39 of the Complaint. Plaintiff's Counsel communicated with Defendant's payment processor, Stripe, on January 13, 2023, prior to the February 2, 2023, email notification to Defendant of the filing of the Complaint and caused an indefinite pause on Defendant's profits from sales on their site. See Exhibit 7. Despite those efforts, Defendant already removed the alleged infringed property from their site on January 5, 2023, after notification from Shopify's legal counsel of possible intellectual property issues.

The $22.94 paid to Defendant's site from Plaintiff's Counsel's purchase was the only purchase of the alleged infringed material. $27.10 was paid to Guangzhao by Defendant to purchase the alleged infringed material. The high shipping cost was not anticipated and Defendant received no profit from the scheme initiated by the Plaintiff. Had the Plaintiff or their Counsel contacted Defendant and requested a cease and desist, Defendant would not be $4.16 short. There are no actual profits to recover from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff and Plaintiff's Counsel immediately notify Shopify, Stripe, Google, and all other business sites, companies, banks, credit card providers, merchant account providers, third party payment processors, web hosts, domain registrars, internet search engines, and/or persons they contacted related to Defendant, that Defendant's business should be immediately restored.

2. That the Complaint against Defendant Legendary Dynasty, LLC aka mydynastyonline be dismissed with prejudice.

3. That, as Plaintiff and Plaintiff's Counsel failed to mitigate damages and acted to entrap the Defendant into liability and the damages they now seek, they are not due any damages, penalties, pre-judgment interest, cost of action, Attorney's fees, or injunctions related to the Defendant.

4. That Defendant be awarded such further legal and equitable relief as this Court deems just and proper.

DATED this 16th day of February, 2023.

RESPECTFULLY SUBMITTED,

Legendary Dynasty, LLC, PRO SE

/s/ Aubri Dubose
AUBRI DUBOSE
1601 Parkridge Circle, #282
Crofton, MD 21114
(301) 437-3869
owner@mydynastyonline.com

## **CERTIFICATE OF SERVICE**

I, Aubri Dubose on behalf of Legendary Dynasty, the undersigned, do hereby swear and affirm that I served the aforementioned Answer to Complaint to the parties below and counsel of record, via electronic filing, on February 16, 2023.

**PLAINTIFF'S COUNSEL**
Benjamin T. Horton
Gregory James Chinlund
Kelley Stebbins Gordon
Marshall, Gerstein & Borun LLP
233 S. Wacker Drive
Suite 6300
Chicago, IL 60606

    Legendary Dynasty, LLC

    /s/ Aubri Dubose
    AUBRI DUBOSE, PRO SE
    1601 Parkridge Circle, #282
    Crofton, MD 21114
    (301) 437-3869
    owner@mydynastyonline.com