IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ramona LaRue, Inc., | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 22-cv-06177 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| The Entities and Individuals Identified in Annex A, | ) | |
| | ) | Magistrate Judge Young B. Kim |
| | ) | |
|     Defendants. | ) | |
| | ) | |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Ramona LaRue, Inc. ("Ramona LaRue") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases originally identified in Annex A to the Complaint and (collectively, "Defendants") and the online marketplace accounts originally identified in Annex A (the "Online Marketplaces"), attached hereto as Exhibit 1. After reviewing the Motion and the accompanying record, this Court GRANTS Ramona LaRue's Motion in part as follows against the Defendants and Online Marketplaces listed in Exhibit 1 attached hereto.

This Court finds Ramona LaRue has provided notice to Defendants in accordance with the Temporary Restraining Order entered December 22, 2022, ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Ramona LaRue has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller

aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Ramona LaRue's federally registered copyrights (the "Ramona LaRue Copyrights" including U.S. Copyright Registration Nos. VA0002311820, VA0002311821, VA0002311884, VA0002303096, VA0002313258, VA0002311886, VA0002317270, VA0002298867, VA0002311525, VA0002307258) to residents of Illinois. In this case, Ramona LaRue has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products from listings using infringing versions of the Ramona LaRue Copyrights. See screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois using infringing versions of the Ramona LaRue Copyrights.

     This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Ramona LaRue's previously granted Motion for Entry of a TRO establishes that Ramona LaRue has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Ramona LaRue will suffer irreparable harm if the injunction is not granted.

     Specifically, Ramona LaRue has proved a prima facie case of copyright infringement because (1) the Ramona LaRue Copyrights are federally registered, and (2) violation of the exclusive rights granted to the owner of the Ramona LaRue Copyrights. Furthermore, Defendants' continued and unauthorized use of the Ramona LaRue Copyrights irreparably harms Ramona LaRue through loss of exclusive control of the Ramona LaRue Copyrights, diminished goodwill and brand confidence, damage to Ramona LaRue's reputation, and loss of future sales.

Monetary damages fail to address such damage and, therefore, Ramona LaRue has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Ramona LaRue Copyrights or any reproductions, copies, colorable imitations, or derivatives thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Ramona LaRue product or not authorized by Ramona LaRue to be sold in connection with the Ramona LaRue Copyrights;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Ramona LaRue product or any other product produced by Ramona LaRue, that is not Ramona LaRue's or not produced under the authorization, control, or supervision of Ramona LaRue and approved by Ramona LaRue for sale in connection with the Ramona LaRue Copyrights;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Ramona LaRue, or are sponsored by, approved by, or otherwise connected with Ramona LaRue; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Ramona LaRue, nor authorized by

      Ramona LaRue to be sold or offered for sale, and which infringe any of Ramona LaRue's Copyrights, including any reproductions, copies, or derivatives.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Ramona LaRue's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., Shopify, ContextLogic, and Walmart (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Ramona LaRue expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of

        any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Ramona LaRue's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Ramona LaRue Copyrights.

5. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, Payoneer, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Annex A hereto and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Ramona LaRue may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Defendants by third parties. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants

receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. All Docket entries in this matter except for Dkt. 39 are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The $10,000.00 bond posted by Ramona LaRue shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Honorable Jorge L. Alonso
United States District Judge

Dated: March 2, 2023

EXHIBIT 1 to PRELIMINARY INJUNCTION ORDER

| Doe | Marketplace | Merchant Name or Domain Name |
|-----|-------------|------------------------------|
| 5   | AMAZON      | Allasfun                     |
| 53  | AMAZON      | GBSELL                       |
| 58  | ALIBABA     | Guangzhou Mai Bao Network Technology Co., Ltd. |
| 103 |             | musepointer.com              |
| 168 | WALMART     | Yutnsbel                     |