UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ramona LaRue, Inc.,

    Plaintiff,

v.

The Entities and Individuals Identified in Annex A,

    Defendants.

Case No. 22 C 6177

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Defendant Shein Distribution Corporation ("SDC") has moved to dismiss Plaintiff Ramona LaRue, Inc.'s ("LaRue") complaint for insufficient service of process and failure to state a claim under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). The Court grants SDC's motion in part and dismisses LaRue's claim against SDC for failure to state a claim.

## Background

According to LaRue's complaint, LaRue is a Florida corporation that sells garments designed by its owner, Arianne Brown. (Compl. ¶¶ 6–7, 11, ECF No. 1.) Brown models those garments in photographs, at least some of which are shown on LaRue's website and social-media accounts and are copyrighted. (*Id.* ¶¶ 7–14.) Some of LaRue's merchandise also has been featured in press coverage. (*Id.* ¶¶ 15–16.) LaRue's merchandise has been subject to alleged counterfeiting by others using LaRue's copyrighted photographs to sell knock-off garments of lower quality on various websites and on third-party marketplaces such as Amazon and eBay. (*Id.* ¶ 18.)

In November 2022, LaRue sued over 160 defendants associated with various online storefronts for copyright infringement, claiming those storefronts used LaRue's copyrighted

material without permission. Specifically, LaRue alleges the storefronts sell copies of LaRue's merchandise and use LaRue's copyrighted images to mislead consumers into believing the merchandise is genuine. (Compl. ¶ 27.) In September 2023, LaRue sought leave to amend Annex A of its complaints to update the names of various defendants. This included updating "Doe 167" to name Defendant SDC rather than the previously identified party, "Emry [sic] Rose." (ECF No. 141.) The Court understands that Emery Rose is a trademark owned by Roadget Business PTE, Ltd ("Roadget"), which itself is a Singapore-based company with a potential relationship to SDC, and that LaRue provided a copy of its complaint to SDC on August 8, 2023. (See ECF No. 141-1.) The Court granted LaRue's request to identify SDC as the proper defendant on September 21, 2023, thus formally making SDC a defendant in this case. (ECF No. 162.)

LaRue eventually resolved its claims against most defendants—but not SDC, which has moved to dismiss LaRue's complaint. (ECF No. 156.) At issue for SDC is a single photograph on SDC's website advertising a particular Emery Rose garment, which allegedly matches one of LaRue's copyrighted photographs for one of its own garments:

**LaRue's Copyrighted Photograph**           **SDC's Photograph**

  

(ECF No. 1-1 at p. 104, ECF No. 1-35 at p. 24–25.)

2

## Discussion

SDC asks the Court to dismiss LaRue's complaint for insufficient service of process under Rule 12(b)(5) and for failure to state a copyright-infringement claim under Rule 12(b)(6). The Court addresses each dismissal ground below.

### I. Improper service

SDC believes the Court should dismiss LaRue's complaint because SDC was not served with the complaint for more than 120 days after LaRue filed its complaint. The Court disagrees and declines to dismiss LaRue's complaint for improper service.

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The 90-day deadline does not apply to service abroad. *Id.* It is LaRue's burden to show the Court has jurisdiction over SDC via effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If LaRue fails to meet that burden, the Court's resulting decision of whether to dismiss the case or give LaRue a new deadline to serve SDC "is inherently discretionary" and reviewed for abuse of discretion. *Id.*

SDC is correct that it was not served for many months after LaRue filed its complaint in November 2022. But as far as the Court understands, SDC arguably was not a defendant in this case at that time. Instead, SDC (aka "Shein") was considered a third-party marketplace, like Amazon or eBay, on which one of the purported Defendants—Doe 167, a.k.a. Emery Rose (a trademark owned by Roadget)—allegedly infringed LaRue's copyright. (*See* Compl., Annex A, ECF No. 1 p. 86.) In September 2023, LaRue sought to update the list of defendants to explicitly

3

identify SDC, rather than Emery Rose, as Doe 167, and filed SDC's completed waiver of the service of summons. (ECF Nos. 141, 141-1.) One reasonable interpretation of events is that SDC was not a defendant in this case until September 2023—until that point, SDC was a third-party marketplace platform like Amazon, eBay, and others rather than a defendant. (Compl. ¶ 18.) By the time LaRue amended its list of defendants in September 2023 to include SDC, it had already properly served SDC, making service timely. *See Excalibur Oil, Inc. v. Gable*, 105 F.R.D. 543, 544 n.3 (N.D. Ill. 1985) ("Had [defendants been added to the amended complaint], of course, a new 120-day timetable would have begun to run as to the added defendants."); *see also Wilke v. Bob's Route 53 Shell Station*, 36 F. Supp. 2d 1068, 1073 (N.D. Ill. 1999) ("The granting of an amendment that relates back . . . constitutes good cause for extending the time for service under Rule 4(m).").

To the extent SDC is correct that its relationship to Roadget (which owns the Emery Rose trademark, but whose precise relationship to SDC is unexplained) means LaRue's deadline to serve it had expired before LaRue formally identified SDC as Doe 167, the Court finds it prudent not to dismiss LaRue's complaint for improper service based on other factors. Though SDC is an American company that can easily be served, Roadget is a Singapore-based company and any efforts by LaRue to serve Roadget abroad were not subject to the 120-day deadline, giving some justification for LaRue's delay in identifying and serving SDC as the proper Doe 167 defendant. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country[.]"). SDC also has since been served with the complaint, the case has not meaningfully progressed, and SDC does not claim to suffer any prejudice from LaRue's alleged delay in serving it. *United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006) ("When delay in service causes zero prejudice to the defendant . . . the granting of extensions of time for service

4

. . . cannot be an abuse of discretion."); *Stanley v. Martin*, No. 12 C 4670, 2013 WL 331267, at *2 (N.D. Ill. Jan. 29, 2013) (granting extension where, among other factors, the defendant's "ability to defend the claims would not be prejudiced" and "because [the defendant] was eventually actually served"). And even if LaRue lacks good cause for its alleged failure to timely serve SDC, the Court may "order that service be made within a specified time" rather than dismissing the case. Fed. R. Civ. P. 4(m). The Court prefers that approach here given the circumstances. Accordingly, the Court deems SDC timely served and does not dismiss LaRue's complaint for improper service.

## II. Failure to state a claim

SDC next argues that LaRue fails to state a claim for copyright infringement against it, and the Court agrees. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard requires a complaint to contain sufficient "[f]actual allegations" to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court

5

must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). However, it need not "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

To show copyright infringement, LaRue must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The parties agree that LaRue owns a valid copyright for the photograph at issue,[1] which depicts Brown modeling her clothing designs. The Court thus focuses on whether LaRue has adequately alleged SDC copied the original constituent elements of any of those works. "Copying may be proven by direct evidence . . . [or] may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007) (cleaned up). Alternatively, access need not be shown if "the two works are so similar as to make it highly probable that the later one is a copy of the earlier one . . . since if the later work was a copy its creator must have had access to the original." *Id.* (cleaned up).

    a. **Access**

A plaintiff must show access by offering "evidence which would establish a reasonable possibility that the complaining work was available to the alleged infringer." *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984). "[A] defendant's opportunity to view the copyrighted work must

---

[1] LaRue now seems to claim there is a second pair of photographs at issue, shown as small thumbnails next to each of the first pair of photographs at issue. The Court will not consider the second photographs—the complaint gives no reasonable notice that they are part of the case and it is difficult to even see what they comprise.

6

exist by a reasonable possibility—not a bare possibility." *Meynart-Hanzel v. Turner Broad. Sys.*, No. 17 C 6308, 2018 WL 4467147, at *6 (N.D. Ill. Sept. 18, 2018) (cleaned up); *see also Selle*, 741 F.2d at 903 (agreeing that "there was no more than a bare possibility that the defendants could have had access to [the] song and that this was an insufficient basis from which the jury could have reasonably inferred the existence of access"). At the pleading stage, this may be done "with facts alleging that the defendant had the opportunity to view the protected item" or "that the copyrighted work was so widely disseminated that the defendant can be presumed to have seen or heard it." *Id.* (cleaned up). Here, LaRue has offered neither.

      LaRue's complaint does not allege facts suggesting that SDC had the direct opportunity to access its photograph. Instead, it merely alleges generally that some of LaRue's designs and copyrighted photographs, though not necessarily including the photograph at issue, were publicized via LaRue's website, social media, and press coverage. The complaint nowhere alleges that SDC had access to any of LaRue's copyrighted photographs, much less that it accessed the photograph at issue, and it likewise does not allege that the specific photograph at issue was widely disseminated across the internet via social media or otherwise.[2] And any mere allegation that the photograph at issue was available on LaRue's website, without more, does not adequately support LaRue's theory that SDC accessed the photograph. *See Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1108 (7th Cir. 2017) ("[T]he existence of the plaintiff's copyrighted materials on the Internet, even on a public and 'user-friendly' site, cannot by itself

---

[2] LaRue seeks to add new evidence on this and other fronts in the form of proffered declarations and exhibits that it claims shows that SDC was aware of LaRue's designs and copied them. But a Rule 12(b)(6) motion focuses on the complaint—a plaintiff generally may not present additional materials with its response brief and LaRue has not explained why the Court should consider these materials. *See Velez v. RM Acquisition, LLC*, 670 F. Supp. 3d 620, 640 (N.D. Ill. 2023) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (cleaned up)). The Court therefore disregards those materials.

7

justify an inference that the defendant accessed those materials."); *Meynart-Hanzel*, 2018 WL 4467147, at *6 ("[T]he mere fact that Plaintiffs placed the [copyrighted material] on YouTube does not, without more, imply broad dissemination."); *cf. Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535, at *4 (N.D. Ill. Feb. 11, 2019) (finding plaintiffs adequately pled access where they "allege more than just online availability" and specifically allege that they "mailed plan catalogs and other publications containing the Copyrighted Works directly to Defendants").

b. **Striking similarity**

Even without plausibly pleading access, LaRue still may state a claim of copyright infringement if it pleads "that the two works are so strikingly similar that the possibility of independent creation is precluded." *Peters v. West*, 776 F. Supp. 2d 742, 748 (N.D. Ill. 2011); *see also Design Basics*, 858 F.3d at 1100 ("In unusual cases . . . evidence of truly striking similarity may function as a proxy for access."). To show "striking similarity," LaRue "must show that the similarity is of a type which will preclude any explanation other than that of copying." *Selle*, 741 F.2d at 905. LaRue lacks such alleged facts here. LaRue's and SDC's photographs have numerous differences—they depict different models, wearing different sandals and looking in different directions, with different watermarks (or lack thereof) and backgrounds (both in the color and the existence of a plant frond), and at least somewhat different poses and lighting. Though LaRue may argue that the photographs are "substantially similar" even considering these differences—for example, both models are blonde women, in broadly comparable poses, framing, and lighting, and wearing allegedly identical garments—it does not plausibly allege these similarities are "striking" to state a claim without alleging access. *See Meynart-Hanzel*,

8

2018 WL 4467147, at *8 ("While it is apparent that [the works] do contain similarities, these similarities are not ones Plaintiffs have demonstrated to be substantial and protected.").

*Rentmeester*, which both parties discuss, is instructive. In that case, the Ninth Circuit considered two photographs depicting Michael Jordan dunking a basketball in his iconic "Jumpman" pose, taken from a similar angle and setting. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111 (9th Cir. 2018). Though the photographs "share[d] undeniable similarities at the conceptual level . . . stark differences [were] readily apparent," including somewhat different foregrounds and backgrounds, and positioning and arrangement of items in the photographs, which meant "the two photos differ[ed] as to expressive details in material respects" and thus were not substantially similar as a matter of law. *Id.* at 1122. Likewise here, LaRue points to little more than two blonde women modeling the same garment, each with one leg raised and one arm behind her head. The models and their poses are different, the backgrounds are different, and SDC's photograph ultimately reflects "choices regarding selection and arrangement that produced an image unmistakably different from [LaRue's] photograph in material details— disparities that no ordinary observer of the two works would be disposed to overlook." *Id.* This fails to plausibly allege a similarity between LaRue's and SDC's photographs that is so striking that LaRue need not allege access; LaRue therefore does not state a claim for copyright infringement. *See Design Basics*, 858 F.3d at 1105 ("Design Basics has not offered evidence from which a reasonable jury could conclude that Lexington's accused plans are substantially similar to protectable expression in Design Basics' plans, let alone strikingly similar."). LaRue thus has not stated a claim for copyright infringement against SDC.

## Conclusion

The Court grants SDC's motion to dismiss (ECF No. 156) in part and dismisses LaRue's claim against SDC for failure to state a claim.

**SO ORDERED.**                                                          **ENTERED: September 26, 2024**

 

_____
**HON. JORGE ALONSO**
**United States District Judge**